IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
MISSOULA DIVISION

| IN RE: | MC 26-4-M-KLD |
|---|---|
| STEPHEN P. KELLY, | |
| | ORDER |

On July 6, 2026, pro se Plaintiff Stephen P. Kelly filed motion for leave to proceed in forma pauperis (Doc. 3 at 3-7) and lodged a Complaint naming the following Defendants: (1) Audrey Cromwell in her official capacity as County Attorney for Gallatin County Montana; (2) the Office of the Gallatin County Attorney, a county entity; (3) Abby Eskin, in her official capacity; (4) Shannon Maroney, in her official capacity; and (5) Andrew Breuner, in his official capacity. (Doc. 3 at 8). Kelly describes Eskin as an assistant county attorney, Maroney as a mental health therapist serving the county attorney's office, and Breuner as Montana District Court Judge. (Doc. 3 at 15-17).

On November 2, 2023, the Court entered an Order declaring Kelly a vexatious litigant. *Kelly v. Boone Karlberg, P.C.*, CV-22-174-M-DLC (Doc. 6 at 7). The Order declaring Kelly a vexatious litigant barred him "from filing any action with vague or conclusory allegations that are unsupported in fact or law,

1

including actions asserting unspecified constitutional violations without plausible supporting factual allegations and actions asserting unsubstantiated defamation claims." (Doc. 6 at 7). The Court has reviewed the Complaint lodged in the pending matter and finds that it runs afoul of the filing restrictions set forth in the vexatious litigant order.

Kelly's lengthy factual allegations are difficult to understand. Kelly alleges that Defendants engaged in a convoluted conspiracy involving "fixed involuntary mental health hearings." (Doc. 3 at 20). As best the Court can tell, Kelly claims that Defendants conspired to involuntarily commit his wife—Natalie Mather—to a mental health facility, wrongfully released her, and then forced her to obtain a temporary order of protection against him. He alleges he and his wife "are now separated by the unlawfully [sic] conspiracy and a forced and coerced restraining order." (Doc. 3 at 37). Kelley refers to 42 U.S.C. § 1983 but does not allege any cognizable claims. (Doc. 3 at 39). Kelly mainly alleges unspecified violations of the federal RICO statute, 18 U.S.C. § 1861 et seq.

To state a civil RICO claim, a plaintiff must sufficiently allege: "(1) conduct (2) of an enterprise (3) through a pattern (4) of racketeering activity (known as 'predicate acts') (5) causing injury to the plaintiff's business or property." *Living Designs, Inc. v. E.I. Dupont de Nemours & Co.*, 431 F.3d 353, 361 (9th Cir. 2005).

Kelly's Complaint is replete with conspiratorial, speculative, and conclusory allegations. The Complaint patently fails to state a claim for relief under RICO or any other theory. This is not the first time that Kelly has filed an unfounded RICO complaint consisting of "wholly speculative, conclusory, and factually unsupported allegations." *Mather and Kelly v. McClean & Associates*, 2021 WL 12144838, at *3 (D. Mont. Sept. 16, 2021); *see also Kelly v. LaFleur*, 6:20-cv-69-SEH (Doc. 4) (dismissing complaint alleging "racketeering and corruption" and "civil (RICO)" for lack of subject matter jurisdiction pursuant to its screening authority under 28 U.S.C. § 1915(e)).

The Complaint lodged in the pending matter is not supported in fact or law and thus runs afoul of the filing restrictions set forth in the vexatious litigant order. The Complaint is not eligible to be filed, and no further action will be taken by the Court.

DATED this 7th day of July, 2026.

_____
Kathleen L. DeSoto
United States Magistrate Judge

3